ROSEMARIE T. RING (SBN 220769)
rose.ring@mto.com
MARI OVERBECK (SBN 261707)
mari.overbeck@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone:     (415) 512-4000
Facsimile:      (415) 512-4077

MARGARET C. CROSBY (SBN 56812)
mcrosby@aclunc.org
ELIZABETH O. GILL (SBN 218311)
egill@aclunc.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA, INC.
39 Drumm Street
San Francisco, CA 94111
Telephone:     (415) 621-2493
Facsimile:      (415) 255-8437

Attorneys for Plaintiffs

STUART F. DELERY
  Principal Deputy Assistant Attorney General
MELINDA HAAG
  United States Attorney
ALEX TSE
  Chief, Civil Division
ANTHONY J. COPPOLINO
  Deputy Branch Director
CAROLINE LEWIS WOLVERTON
  caroline.lewis-wolverton@usdoj.gov
  District of Columbia Bar No. 496433
  Senior Counsel
  Civil Division, Federal Programs Branch
  U.S. Department of Justice
  P.O. Box 883
  Washington, D.C.  20044
  Telephone: (202) 514-0265
  Facsimile:  (202) 616-8470

Attorneys for Defendant CHUCK HAGEL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARY JENNINGS HEGAR, JENNIFER HUNT, ALEXANDRA ZOE BEDELL, COLLEEN FARRELL, AND SERVICE WOMEN'S ACTION NETWORK,<br><br>Plaintiffs,<br><br>vs.<br><br>CHUCK HAGEL, Secretary of Defense,<br><br>Defendant. | Case No. 12-CV-06005 EMC<br><br>**REVISED STIPULATION AND [PRO~~POS~~ED] ORDER SETTING BRIEFING SCHEDULE AND HEARING DATES AND CONTINUING INITIAL CASE STATUS CONFERENCE**<br><br>Judge:   Hon. Edward M. Chen |

22469082.1

# REVISED STIPULATION

Plaintiffs Mary Jennings Hegar, Jennifer Hunt, Alexandra Zoe Bedell, Colleen Farrell, and Service Women's Action Network and Defendant Chuck Hagel, Secretary of Defense ("Secretary") (collectively, "the parties"), by and through their respective counsel, submit this revised stipulation setting forth a proposed plan and schedule for resolving a discovery dispute that has arisen between the parties in a way that will avoid expedited motion practice relating to current briefing schedules and hearings.  It revises and supplants the stipulation and proposed order filed by the parties on January 9, 2014.

1. On November 27, 2012, Plaintiffs filed their Complaint for Declaratory and Injunctive Relief challenging as unconstitutional the 1994 direct ground combat definition and assignment rule, and the Court issued an Order Setting Initial Case Management Conference and ADR Deadlines;

2. On January 24, 2013, the Secretary rescinded the 1994 direct ground combat definition and assignment rule and directed the Military Services to submit plans to him by May 15, 2013 for implementation of this policy change;

3. In light of the above, on January 29, 2013, the parties filed a stipulation with the Court agreeing to meet and confer within three weeks of the May 15, 2013 deadline for the Military Services' submission of their implementation plans, and to allow the Secretary thirty (30) days after that meet and confer to respond to the Complaint;

4. On February 7, 2013, the parties filed a stipulation and proposed order with the Court to continue the initial case management conference and ADR deadlines, and on February 8, 2013, the Court entered an order resetting the initial case management conference for July 18, 2013;

5. Consistent with the parties' agreement to meet and confer within three weeks of the May 15, 2013 deadline for the Military Services' submission of their implementation plans, the parties held a telephone conference on May 30, 2013.  During the conference, undersigned counsel for Defendant conveyed that the Military Services had submitted their implementation plans to the Secretary and that the Department of Defense ("DoD") was treating the plans as pre-decisional

1  and deliberative.  Undersigned counsel for Defendant further conveyed that, consistent with the
2  National Defense Authorization Act of 2013, section 526, H.R. 4310, ("DoD") planned to report
3  to Congress in July 2013 on the feasibility of developing gender-neutral occupational standards for
4  military occupational specialties currently closed to women.  Counsel for Defendant further stated
5  that DoD anticipated that the report would provide some information about the Services'
6  implementation plans.

7        6.     In light of the information provided by counsel for Defendant, on June 7, 2013, the
8  parties filed a stipulation with the Court agreeing to hold a further meet and confer by no later than
9  August 20, 2013 and to allow the Secretary thirty (30) days after that meet and confer to respond
10  to the Complaint.

11        7.     Also on June 7, 2013, the parties filed a stipulation and proposed order with the
12  Court to continue the initial case management conference and ADR deadlines, and on June 11,
13  2013, the Court entered an order resetting the initial case management conference for October 3,
14  2013.

15        8.     DoD made the implementation plans public on June 18, 2013, completed the
16  above-referenced report to Congress in July 2013 and submitted it to Congress on August 2, 2013.

17        9.     Consistent with the parties' agreement to meet and confer no later than August 20,
18  2013, the parties held a telephone conference on that date.  In the following weeks, the parties held
19  several more telephone conferences in which, among other things, the parties discussed the
20  implementation plans DoD had made publicly available, and Plaintiffs' counsel sought
21  information regarding the date by which Defendant will announce whether certain positions,
22  specialties, units, and schools of interest to Plaintiffs will continue to be closed to women.
23  Plaintiffs' counsel also informed Defendant that the Plaintiffs intended to file an Amended
24  Complaint.

25        10.    As required by the June 11, 2013 order, the parties held their Rule 26(f) conference
26  and discussed ADR options on August 30, 2013.  In light of Plaintiffs' intention to file an
27  Amended Complaint, the parties agreed that it would be most efficient for the Court and for the
28  parties to agree on a schedule for filing the Amended Complaint, responding to the Amended

1  Complaint by Answer or motion, briefing on any motion to be filed, and to request a continuance
2  of the initial case management conference and ADR deadlines.
3     11.   On September 9, 2013, the Court provided notice to the parties that the initial case
4  management conference set for October 3, 2013 would be reset for October 8, 2013.
5     12.   On September 13, 2013, the parties filed a stipulation and proposed order setting a
6  schedule for filing the Amended Complaint, responding to the Amended Complaint by Answer or
7  motion, briefing on any motion to be filed, and to request a continuance of the initial case
8  management conference, and on September 18, 2013, the Court entered an order setting the
9  following deadlines and resetting the initial case management conference for March 20, 2014:

| Date | Event |
| --- | --- |
| 11/5/2013 | Last day to file Amended Complaint |
| 11/15/2013 | Last day to meet and confer regarding Amended Complaint |
| 12/19/2013 | Last day to respond to the Amended Complaint |
| 1/31/2014 | If response to Amended Complaint is a motion, last day to file opposition |
| 2/14/2014 | If response to Amended Complaint is a motion, last day to file reply |
| 2/20/2014 | Last day to: meet and confer re initial disclosures, early settlement, ADR process selection, and discovery plan; file ADR Certification signed by parties and counsel; file either Stipulation to ADR Process or Notice of Need for ADR Phone Conference |
| 3/13/2014 | Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report, and file Case Management Statement per the Court's Standing Order re Contents of Joint Case Management Statement |
| 3/20/2014 | Initial Case Management Conference |

23     13.   On October 31, 2013, Plaintiffs filed an Amended Complaint (Dkt No. 18).
24     14.   Consistent with the parties' agreement to meet and confer regarding the Amended
25  Complaint by November 15, 2013, the parties scheduled a telephone conference for November 14,
26  2013, which due to scheduling conflicts was held on November 18, 2013.  Defendant informed
27  Plaintiffs that he intended to file a motion to dismiss the Amended Complaint.  Plaintiffs informed
28  Defendant that the Plaintiffs intended to serve discovery.

15. On December 3, 2013, Plaintiffs served discovery on Defendant in the form of requests for production of documents with a response deadline January 6, 2014.

16. On December 19, 2013, Defendant filed a motion to dismiss the Amended Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), and a notice of motion requesting a March 14, 2014 hearing date.

17. On December 19, 2013, the parties held a telephone conference to discuss Plaintiffs' pending discovery requests. Defendant informed Plaintiffs that he intended to file a motion seeking a protective order staying all discovery in the case pending the Court's ruling on his Rule 12(b)(1) motion and sought Plaintiffs' agreement to set the hearing on that motion for the same date as the hearing on Defendant's motion to dismiss. Plaintiffs informed Defendant that they oppose a stay of discovery in the case and believe they are entitled to the discovery they are seeking, but requested time to review Defendant's motion to dismiss to consider whether the discovery could be narrowed to focus on issues relevant to opposing Defendant's motion to dismiss.

18. On December 30, 2013, having reviewed Defendant's motion to dismiss, Plaintiffs informed Defendant that they would agree to narrow some of the pending document requests and to serve interrogatories in lieu of others, but could not agree to set any motion Defendant might file seeking a protective order on the same schedule as Defendant's motion to dismiss because Plaintiffs contend they need, and are entitled to, the discovery they are seeking to oppose Defendant's motion to dismiss which raises factual issues challenging this Court's subject matter jurisdiction on ripeness grounds. Defendant agreed to respond to Plaintiffs' offer to narrow their discovery requests by January 6, 2014. Because the deadline for Defendant to either respond to Plaintiffs' pending discovery requests or obtain a protective order was also January 6, 2014, Plaintiffs agreed to a two-week extension of that deadline until January 20, 2014.

19. On January 6, 2014, Defendant informed Plaintiffs that he intends to seek a protective order staying all discovery in the case pending the Court's ruling on his Rule 12(b)(1) motion and that Defendant disagrees that Plaintiffs need or are entitled to discovery in order to

respond to Defendant's Rule 12(b)(1) motion.  In light of the above, the parties have agreed to a schedule allowing for resolution of Defendant's motion for protective order before Plaintiffs file their opposition to Defendant's motion to dismiss, and to request a continuance of the initial case management conference and ADR deadlines.

20. In light of the foregoing, the parties request that the Court supplement and continue the scheduling dates established by the September 18, 2013 order as follows:

| | |
|---|---|
| Last day to file motion for protective order: | 1/21/14 |
| Last day to file opposition to motion for protective order | 2/4/14 |
| Last day to file reply in support of motion for protective order | 2/11/14 |
| Hearing on motion for protective order | 2/27/14 |

If the motion for protective order is granted, the following dates apply:

| | |
|---|---|
| Last day to file opposition to motion to dismiss | 4/14/14 |
| Last day to file reply in support of motion to dismiss | 4/28/14 |
| Hearing on the motion to dismiss is re-noticed for | 5/22/14 |
| Last day to: meet and confer re initial disclosures, early settlement, ADR process election, and discovery plan; file ADR Certification signed by parties and counsel; file either Stipulation to ADR Process or Notice of Need for ADR Phone Conference: | 7/22/14 |
| Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report, and file Case Management Statement per the Court's Standing Order re Contents of Joint Case Management Statement: | 8/21/14 |
| Initial Case Management Conference: | 8/28/14 |

If the motion for protective order is denied, the following dates apply[1]:

| | |
|---|---|
| Last day to file opposition to motion to dismiss | 8/14/14 |
| Last day to file reply in support of motion to dismiss | 8/28/14 |

---

[1] Defendant observes that these dates are necessarily speculative because they are proposed in advance of any ruling concerning the scope of discovery that might accompany a denial of the motion for protective order.  Defendant further reserves all rights to object to individual discovery requests or to seek appropriate protective orders in the event that the court denies the motion for protective order to be filed by January 21, 2014.

| | | |
|---|---|---|
| 1 | Hearing on the motion to dismiss is re-noticed for | 9/18/14 |
| 2 | Last day to: meet and confer re initial disclosures, early settlement, ADR process election, | |
| 3 | and discovery plan; file ADR Certification signed by parties and counsel; file either | |
| 4 | Stipulation to ADR Process or Notice of Need for ADR Phone Conference: | 11/18/14 |
| 5 | Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule | |
| 6 | 26(f) Report, and file Case Management Statement per the Court's Standing Order re | |
| 7 | Contents of Joint Case Management Statement: | 12/11/14 |
| 8 | Initial Case Management Conference: | 12/18/14 |

IT IS SO STIPULATED.

DATED: January 21, 2014           MUNGER, TOLLES & OLSON LLP

　　　　　　　　　　　　　　　　　By:    */s/*
　　　　　　　　　　　　　　　　　　　　ROSEMARIE T. RING

　　　　　　　　　　　　　　　　　Attorneys for Plaintiffs
　　　　　　　　　　　　　　　　　MARY JENNINGS HEGAR, JENNIFER
　　　　　　　　　　　　　　　　　HUNT, ALEXANDRA ZOE BEDELL,
　　　　　　　　　　　　　　　　　COLLEEN FARRELL, AND SERVICE
　　　　　　　　　　　　　　　　　WOMEN'S ACTION NETWORK

DATED: January 21, 2014           STUART F. DELERY
　　　　　　　　　　　　　　　　　Principal Deputy Assistant Attorney General
　　　　　　　　　　　　　　　　　MELINDA HAAG
　　　　　　　　　　　　　　　　　United States Attorney
　　　　　　　　　　　　　　　　　ALEX TSE
　　　　　　　　　　　　　　　　　Chief, Civil Division
　　　　　　　　　　　　　　　　　ANTHONY J. COPPOLINO
　　　　　　　　　　　　　　　　　Deputy Branch Director

　　　　　　　　　　　　　　　　　   */s/*
　　　　　　　　　　　　　　　　　CAROLINE LEWIS WOLVERTON
　　　　　　　　　　　　　　　　　U.S. Department of Justice
　　　　　　　　　　　　　　　　　Attorneys for Defendant CHUCK HAGEL

Additional Counsel:

| | |
|---|---|
| STEVEN M. PERRY (SBN 106154)<br>MUNGER, TOLLES & OLSON LLP<br>355 South Grand Avenue, 35th Floor<br>Los Angeles, CA  90071-1560<br>Telephone:     (213) 683-9100<br>Facsimile:      (213) 687-3702<br>Email:  steven.perry@mto.com | LENORA M. LAPIDUS [pro hac vice]<br>ARIELA MIGDAL [pro hac vice]<br>AMERICAN CIVIL LIBERTIES UNION<br>FOUNDATION<br>WOMEN'S RIGHTS PROJECT<br>125 Broad Street, 18th Floor<br>New York, NY 10004<br>Telephone:     (212) 549-2668<br>Facsimile:      (212) 549-2580<br>Email:   Llapidus@aclu.org<br>Email:   Amigdal@aclu.org |

1  **ATTESTATION PURSUANT TO GENERAL ORDER 45**

2  I, Caroline Lewis Wolverton, am the ECF User whose identification and password are

3  being used to file this REVISED STIPULATION AND [PROPOSED] ORDER SETTING

4  BRIEFING SCHEDULE AND HEARING DATES AND CONTINUING INITIAL CASE

5  STATUS CONFERENCE.  In compliance with General Order 45.X.B, I hereby attest that all

6  signatories have concurred in this filing.

8  **[PROPOSED] ORDER**

9  Pursuant to stipulation, it is SO ORDERED.   The CMC is reset to 8/28/14 at 9:00 a.m.

11  Dated:  1/23/14

Honorable Edward M. Chen
United States District Judge



IT IS SO ORDERED
AS MODIFIED
Judge Edward M. Chen

22469082.1

-1-

CASE NO. C-12-6005 EMC
STIPULATION AND [PROPOSED] ORDER