| | |
|---|---|
| ROSEMARIE T. RING (SBN 220769) | STUART F. DELERY |
| rose.ring@mto.com |   Principal Deputy Assistant Attorney General |
| MARI OVERBECK (SBN 261707) | MELINDA HAAG |
| mari.overbeck@mto.com |   United States Attorney |
| MUNGER, TOLLES & OLSON LLP | ALEX TSE |
| 560 Mission Street |   Chief, Civil Division |
| Twenty-Seventh Floor | ANTHONY J. COPPOLINO |
| San Francisco, California 94105-2907 |   Deputy Branch Director |
| Telephone:  (415) 512-4000 | CAROLINE LEWIS WOLVERTON |
| Facsimile:  (415) 512-4077 |   caroline.lewis-wolverton@usdoj.gov |
| |   District of Columbia Bar No. 496433 |
| MARGARET C. CROSBY (SBN 56812) |   Senior Counsel |
| mcrosby@aclunc.org |   Civil Division, Federal Programs Branch |
| ELIZABETH O. GILL (SBN 218311) |   U.S. Department of Justice |
| egill@aclunc.org |   P.O. Box 883 |
| AMERICAN CIVIL LIBERTIES UNION |   Washington, D.C.  20044 |
| FOUNDATION OF NORTHERN |   Telephone: (202) 514-0265 |
| CALIFORNIA, INC. |   Facsimile:  (202) 616-8470 |
| 39 Drumm Street | |
| San Francisco, CA 94111 | Attorneys for Defendant CHUCK HAGEL |
| Telephone:  (415) 621-2493 | |
| Facsimile:  (415) 255-8437 | |

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARY JENNINGS HEGAR, JENNIFER HUNT, ALEXANDRA ZOE BEDELL, COLLEEN FARRELL, AND SERVICE WOMEN'S ACTION NETWORK,<br><br>        Plaintiffs,<br><br>  vs.<br><br>CHUCK HAGEL, Secretary of Defense,<br><br>        Defendant. | Case No. 12-CV-06005 EMC<br><br>**STIPULATION AND [PR~~OPOS~~ED] ORDER REGARDING A LIMITED STAY OF THIS MATTER** (Modified)<br><br>Judge:   Hon. Edward M. Chen |

23350026.1

# STIPULATION

Plaintiffs Mary Jennings Hegar, Jennifer Hunt, Alexandra Zoe Bedell, Colleen Farrell and Service Women's Action Network and Defendant Chuck Hagel, Secretary of Defense ("Secretary") (collectively, "the parties"), by and through their respective counsel, submit this Stipulation and Proposed Order.  The parties have met and conferred and believe that the following facts and circumstances establish good cause for a limited stay of the case, subject to certain conditions set forth below.

1. On November 27, 2012, Plaintiffs filed their Complaint for Declaratory and Injunctive Relief challenging as unconstitutional the 1994 direct ground combat definition and assignment rule.

2. On January 24, 2013, the Secretary and Chairman of the Joint Chiefs of Staff issued a directive rescinding the 1994 direct ground combat definition and assignment rule pursuant to which "[i]ntegration of women into newly opened positions and units will occur as expeditiously as possible, considering good order and judicious use of fiscal resources, but must be completed no later than January 1, 2016."  Exceptions to the directive may be requested by the Military Services (Army, Navy, Air Force and Marine Corps) and the U.S. Special Operations Command ("SOCOM") (referred to collectively as the "Services"), but must be "narrowly tailored and based on a rigorous analysis of factual data regarding the knowledge, skills and abilities needed for the position" and personally approved first by the Chairman of the Joint Chiefs of Staff and then by the Secretary.  The Military Services were ordered to submit plans for implementation of the directive to the Secretary by May 15, 2013.

3. In light of the above, the parties filed a stipulation agreeing to meet and confer after the May 15, 2013 deadline for submission of the implementation plans and allowing the Secretary thirty (30) days after that meet and confer to respond to the Complaint (Dkt 9), and a stipulation and proposed order continuing the initial case management conference and related deadlines until after the parties meet and confer on the implementation plans (Dkt 10).  The Court entered the proposed order on February 8, 2013 (Dkt 11).

4.      On May 30, 2013, the parties held a telephone conference.  Defendant notified Plaintiffs that the Military Services had submitted implementation plans to the Secretary, but that the plans would not be made public because the Department of Defense ("DoD") was treating them as pre-decisional and deliberative.  Defendant further notified Plaintiffs that, pursuant to the National Defense Authorization Act of 2013, section 526, H.R. 4310, the DoD would submit a report to Congress in July 2013 on the feasibility of developing gender-neutral occupational standards for military occupational specialties currently closed to women and that DoD anticipated that the report would provide some information about the implementation plans.

5.      In light of the above, the parties filed a stipulation and proposed order agreeing to hold a further meet and confer by August 20, 2013 and allowing the Secretary thirty (30) days after that meet and confer to respond to the Complaint, which the Court entered on June 11, 2013 (Dkt 14).

6.      On June 18, 2013, DoD made the implementation plans public.  DoD completed the above-referenced report to Congress in July 2013 and submitted a written report to Congress on August 2, 2013.

7.      Beginning on August 20, 2013, the parties held several telephone conferences in which they discussed, among other things, the implementation plans.  Plaintiffs also requested information regarding the date by which Defendant will announce whether certain positions, specialties, units, and schools of interest to Plaintiffs will continue to be closed to women and informed Defendant that they intended to file an Amended Complaint.

8.      On September 13, 2013, the parties filed a stipulation and proposed order setting a schedule for Plaintiffs to file an Amended Complaint and for Defendant to respond to the Amended Complaint, which the Court entered on September 18, 2013 (Dkt 17).

9.      On October 31, 2013, Plaintiffs filed an Amended Complaint (Dkt 18).  Plaintiffs also served discovery requests on Defendant on December 3, 2013.

10.     On December 19, 2013, Defendant filed a motion to dismiss the Amended Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing, *inter alia*, that Plaintiffs' challenge to the 1994 direct ground combat definition

1 and assignment rule is not ripe because the implementation process is ongoing and set to be
2 completed by January 1, 2016 (Dkt 19).  On January 21, 2014, Defendant filed a motion for
3 protective order seeking a stay of all discovery pending a decision on Defendant's motion to
4 dismiss, arguing, *inter alia*, that a stay is required to protect the collaborative environment and to
5 avoid chilling the deliberative process in which the DoD and the Services are engaged as they
6 work toward the January 1, 2016 implementation deadline (Dkt 23).

7       11.    On January 23, 2014, the Court entered a stipulation and proposed order setting a
8 schedule to allow for resolution of Defendant's motion for protective order before the deadline for
9 Plaintiffs to file their opposition to Defendant's motion to dismiss and setting a deadline for
10 Plaintiffs' opposition based on the outcome of Defendant's motion for protective order (Dkt 24).

11       12.    On February 4, 2014, Plaintiffs filed an opposition to Defendant's motion for
12 protective order, arguing, *inter alia*, that their challenge to the 1994 direct ground combat
13 definition and assignment rule is ripe and that discovery should be allowed to proceed (Dkt 25).

14       13.    On February 27, 2014, the Court held a hearing on Defendant's motion for
15 protective order and issued a minute order stating that the Court would defer its ruling on the
16 motion pending completion of briefing on Defendant's motion to dismiss and then "consider the
17 relevance and probative value of the requested documents."  (Dkt 29).

18       14.    On April 7, 2014, the parties held a telephone conference and agreed, subject to the
19 Court's approval, to a short continuance of the briefing schedule and hearing date on Defendant's
20 motion to dismiss to allow the parties time to discuss a potential resolution of the pending
21 motions.  On April 10, 2014, the Court approved the parties' stipulation to that effect (Dkt 35).

22       15.    The parties subsequently engaged in a meet-and-confer process and, based on and
23 without conceding their respective positions on the pending motions, agreed to seek a limited stay
24 of the case until the January 1, 2016 deadline for implementing the rescission of the 1994 direct
25 ground combat definition and assignment rule, pursuant to which: (1) the briefing and hearing on
26 Defendant's motion to dismiss would be suspended; (2) the parties' discovery obligations (other
27 than obligations to preserve relevant information, including information responsive to pending
28 discovery requests) would be suspended; (3) the parties would submit a joint status report to the

1  Court at six-month intervals that would convey to the Court DoD's most recent notifications to

2  Congress, along with any other publicly available information on the status of implementation;

3  and (4) either party can request that the Court schedule a status conference and/or set a briefing

4  schedule and hearing on whether the limited stay should be lifted.

5        16.    In light of the foregoing, the parties respectfully request that the Court enter a

6  limited stay of the case as set out in the Proposed Order, filed herewith.

DATED:  May 1, 2014          MUNGER, TOLLES & OLSON LLP

By:   */s/ Rosemarie T. Ring*
      ROSEMARIE T. RING

Attorneys for Plaintiffs
MARY JENNINGS HEGAR, JENNIFER HUNT,
ALEXANDRA ZOE BEDELL, COLLEEN FARRELL,
AND SERVICE WOMEN'S ACTION NETWORK

DATED:  May 1, 2014          STUART F. DELERY
Principal Deputy Assistant Attorney General
MELINDA HAAG
United States Attorney
ALEX TSE
Chief, Civil Division
ANTHONY J. COPPOLINO
Deputy Branch Director

*/s/*    *Caroline Lewis Wolverton*
CAROLINE LEWIS WOLVERTON
U.S. Department of Justice
Attorneys for Defendant CHUCK HAGEL

Additional Counsel:

| | |
|---|---|
| STEVEN M. PERRY (SBN 106154)<br>MUNGER, TOLLES & OLSON LLP<br>355 South Grand Avenue, 35th Floor<br>Los Angeles, CA  90071-1560<br>Telephone:  (213) 683-9100<br>Facsimile:   (213) 687-3702<br>Email:  *steven.perry@mto.com* | LENORA M. LAPIDUS [pro hac vice]<br>ARIELA MIGDAL [pro hac vice]<br>AMERICAN CIVIL LIBERTIES UNION<br>FOUNDATION<br>WOMEN'S RIGHTS PROJECT<br>125 Broad Street, 18th Floor<br>New York, NY  10004<br>Telephone:   (212) 549-2668<br>Facsimile:    (212) 549-2480<br>Email:  Llapidus@aclu.org<br>Email:  Amigdal@aclu.org |

23350026.1

-4-

**ATTESTATION PURSUANT TO GENERAL ORDER 45**

I, Rosemarie T. Ring, am the ECF User whose identification and password are being used to file this STIPULATION AND [PROPOSED] ORDER REGARDING A LIMITED STAY OF THIS MATTER.  In compliance with General Order 45.X.B, I hereby attest that all signatories have concurred in this filing.

1  **[~~PROP~~OSED] ORDER**

2  Pursuant to stipulation, and based on good cause shown, the Court enters a limited stay of

3  this case until January 1, 2016, pursuant to which:

4  (1)  the briefing and hearing on Defendant's motion to dismiss is hereby suspended;

5  (2) the parties' discovery obligations (other than obligations to preserve relevant

6  information, including information responsive to pending discovery requests) are hereby

7  suspended;

8  (3) the parties shall submit a joint status report to the Court at six-month intervals that

9  conveys DoD's most recent notifications to Congress, along with any other publicly available

10  information on the status of implementation;

11  (4) either party may request that the Court schedule a status conference and/or set a

12  briefing schedule and hearing on whether the limited stay should be lifted at any time; and

13  (5) ~~the first joint status report shall be due on September 4, 2014.~~ The 9/4/14 CMC is reset for 11/13/14 at 9:30 a.m. A joint CMC Statement shall be filed by 11/6/14.  The motion to dismiss (Docket #19) and motion for protective order (Docket #23) are hereby terminated.  Parties to renotice those motions at a later time).

15  Dated: _____

Honorable Edward M. Chen
United States District Judge



IT IS SO ORDERED AS MODIFIED

Judge Edward M. Chen